1  Gregg S. Kleiner, State Bar 141311
   McKENNA LONG & ALDRIDGE LLP
2  121 Spear Street, Suite 200
   San Francisco, California 94105-1582
3  Telephone No.: 415.356.4600
   Fax No.: 415.356.3876
4  Email: gkleiner@mckennalong.com

5  Counsel for FRED HJELMESET,
   Trustee in Bankruptcy

6

7

8              UNITED STATES BANKRUPTCY COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                    SAN JOSE DIVISION

11 In re                                    Case No. 12-59160 SLJ
                                            Chapter 7
12 TRUNG NGUYEN,                            Hon. Stephen L. Johnson

13     Debtor.                              **MOTION FOR ORDER COMPELLING
                                            COMPLIANCE WITH 11 U.S.C.
14                                          SECTION 521**

15
                                            Date:      May 8, 2013
16                                          Time:      2:00 p.m.
                                            Place:     280 S. First Street
17                                                     Courtroom 3099
                                                       San Jose, CA  95113
18

19
        Fred Hjelmeset, Trustee in Bankruptcy of the estate of Trung Nguyen, hereby requests
20
   entry of an order compelling the Debtor in this Chapter 7 case to comply with his statutory
21
   obligations under Section 521 of the Bankruptcy Code and to (A) compel the Debtor to provide to
22
   the Trustee complete and unfettered access to estate property commonly referred to as 3302 North
23
   39th Drive, Phoenix, Arizona 58019 ("Property"); (B) allow the Trustee and his real estate
24
   agent/broker to evaluate the Property and, subject to further orders of the Court market and sell the
25
   Property; and (C) declare the Trustee is entitled to possession of the Property, and to the extent
26
   necessary evict the current occupant of the Property if they fail to cooperate with the Trustee's
27
   marketing and sale efforts.
28
   / / /

S_WEST 803719768.1

## Background

The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on December 31, 2012. According to the Debtor's Schedules and Statement of Affairs,[1] the Debtor is the record owner of the Property.

Schedule A provides

> "3302 N 39th Dr. Phoenix, AZ, 85019 (Market value is $56,825.00. All source of down payment was made by Debtor's aunt. Debtor's aunt was originally on Grant Deed; however, she became ill and asked Debtor to be on title. Debtor never made any payments or claimed taxes for said property.)"

The Debtor is the owner of Property pursuant to a quitclaim deed recorded with the Maricopa County Recorder's office on January 18, 2011. A true and correct copy of the quitclaim deed transferring ownership of the Property to the Debtor is attached as Exhibit A to the Kleiner Declaration.

When the Trustee asked Debtor's counsel why the Debtor's "aunt" simply didn't quitclaim the Property to her son, counsel for the Debtor, Steve Huynh, responded "the son goes to college and would lose his financial aid eligibility if the home were in his name. The home is fully paid off. The aunt bought it outright." See Exhibit B, Kleiner Declaration.

Regardless of whether the Property was transferred to the Debtor out of love and affection, or simply to keep it out of reach of the "aunt's" creditors and "off the books" for college financial aid purposes, title is in the name of the Debtor. The Property is Section 541 property.

The Trustee has requested, on multiple occasions, that the Debtor provide to the Trustee contact information for the "aunt" so the Trustee's real estate expert could evaluate the Property. On March 28, 2013, Mr. Huynh responded to the Trustee's request for access to the Property. Mr. Huynh now asserts that the Property is not occupied by the Debtor's "aunt" but is occupied by the Debtor's stepmother. Mr. Huynh further informed the Trustee that the stepmother would not allow anyone to enter the Property and "not to bother" with the Property. A true and correct copy of Mr. Huynh's March 28, 2013 e-mail is attached as Exhibit C to the Kleiner Declaration.

/ / /

---

[1] Docket 11, filed January 14, 2013.

_WEST 803719768.1

1    Based on Mr. Huynh's most recent communication, the Trustee has concluded that an

2 order is necessary to compel the Debtor to comply with his statutory obligations to cooperate with

3 the Trustee and to provide access to the Property to the Trustee and his agents.

4    The Trustee has obtained an informal evaluation of the Property by a real estate agent in

5 Arizona. Based on the location of the Property and publicly available information, the real estate

6 agent believes the Property has a value of at least $50,000 and as much as $65,000, depending on

7 its condition. Kleiner Declaration, ¶ 7. This valuation is in line with the Debtor's value in his

8 schedules.

9 **Analysis**

10    Section 521(a)(3) of the Bankruptcy Code requires a debtor to "cooperate with the trustee

11 as necessary to enable the trustee to perform the trustee's duties" under the Bankruptcy Code.

12 Section 521(a)(4) of the Bankruptcy Code requires a debtor to "surrender to the trustee all

13 property of the estate and any recorded information, including books, documents, records and

14 papers relating to property of the estate, whether or not immunity is granted" under Section 344 of

15 the Bankruptcy Code.

16    The Debtor's duties to cooperate with the Trustee and surrender to the Trustee property

17 and documents are absolute. The Debtor has a mandatory duty to turn over to the Trustee

18 financial books and records and property of the estate "without the need for any formal discovery

19 request, motion, hearing, or order." *In re Farmer*, 237 B.R. 210, 212 (Bankr. M.D. Fla. 1989).

20 "'[T]he trustee should not have to be chasing debtors into court in order to gain their cooperation'

21 [citation omitted]." *Id.*

22 **Requested Relief**

23    By this Application, the Trustee requests the Court issue an order requiring the Debtor to:

24 (a) make the Property available to the Trustee and/or his agents to evaluate and list for sale; (b)

25 subject to the reasonable request of the Trustee and/or his agents made to the occupant of the

26 Property, provide unfettered access to the Trustee and/or his agent to show the Property to

27 prospective purchasers; and; (c) declare the Trustee is entitled to possession of the Property, and in

28 the event that the Debtor and/or the occupant decline to provide reasonable access to and

S_WEST 803719768.1

1  possession of the Property to the Trustee, his agents and/or a Court-approved purchaser, allow the

2  Trustee to take necessary action under the laws of the State of Arizona to evict and/or otherwise

3  remove the occupants of the Property.

4  DATED: April 9, 2013                     McKENNA LONG & ALDRIDGE LLP

5

6                                            By: _____

7                                            GREGG S. KLEINER
                                             Counsel for Fred Hjelmeset, Trustee in Bankruptcy

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28