STANLEY PHAN (SBN 221578)
STEVE HUYNH (SBN 265860)
Phan Law Firm, Inc.
2092 Concourse Drive, Suite 49
San Jose, CA 95131
Tel:    408-232-4900
Fax:    408-232-4904
Email: steve.huynh@phan-lawfirm.com

Attorneys for Debtor,
Trung Nguyen

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>NGUYEN, TRUNG<br><br>Debtors. | Case No.: 12-59160 SLJ<br>Chapter 7<br>Hon. Stephen L. Johnson<br>Hearing Date: May 8th, 2013<br>Hearing Time: 2:00 p.m.<br>Place: 280 S. First Street, Courtroom 3099, San Jose, CA 95113<br><br>**DEBTOR'S OBJECTION TO MOTION FOR ORDER COMPELLING COMPLIANCE WITH 11 U.S.C. SECTION 521** |

Trung Nguyen, Debtor, ("Debtor") hereby objects to the motion for order compelling compliance with 11 U.S.C. Section 521 by Chapter 7 Trustee, Fred Hjelmeset, ("Trustee"), and requests that the Court: (A) deny the Trustee's request for an order to compel the Debtor to provide to the Trustee complete and unfettered access to the property located at 3302 N 39th Dr. Phoenix, AZ, 85019 (the "Arizona Property"); (B) deny the Trustee's request for an order to allow the Trustee and his real estate agent/broker to evaluate the Arizona Property and to market and sell the Arizona Property; and (C) deny the Trustee's request for an declaration that the

1

Trustee is entitled to possession of the Arizona Property, and deny the Trustee's request to if necessary evict the current occupant of the Arizona Property.

The Debtor requests that the court find that the transfer of the Arizona Property to the Debtor is a resulting trust arising from the agreement between Elizabeth Ngo, the grantor and the Debtor and that the Debtor only holds legal title to the Arizona Property. In support of this objection and request for order, the Debtor submits the following points and authorities, declaration of Debtor, and declaration of Elizabeth Ngo.

INTRODUCTION:

Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on December 31st, 2012. Debtor's schedule "A" lists a real property located at, 3302 N 39th Dr. Phoenix, AZ, 85019 (the "Arizona Property"). On April 25th, 2013, Debtor amended his Schedule "A" because the original had an incorrect translation. Debtor's amended Schedule "A" states that Debtor holds only bare legal title to the Arizona Property, which Debtor was asked to hold in trust by his Stepmother, Elizabeth Ngo for the benefit of her son. The Debtor's Schedule "A" also lists the value of the bare legal title as $0.

The Arizona Property was purchased by Ms. Ngo in February of 2009. *See Exhibit B, Declaration of Elizabeth Ngo.* Ms. Ngo paid for the Arizona Property's entire purchase price in cash in the amount of $35,000. *Id.* From the time of purchase to the present Ms. Ngo has resided in the Arizona Property. *Id.* From the time of purchase to the present Ms. Ngo has paid all property taxes, insurance, improvements, and fees associated with the Arizona Property. *Id.* The hazard insurance on the Arizona Property is still under Ms. Ngo's name. *Id.*

In late 2010, Ms. Ngo asked Debtor to hold bare legal title to the Arizona Property and asked that in the event she passes away, Debtor was to transfer the property to Ms. Ngo's son.

Debtor agreed to hold title to the Arizona Property and to transfer the property to Ms. Ngo's son in the event she passed away. *Id.* A quitclaim deed was recorded on January 18th, 2011. *See Exhibit C, Grant Deed for Arizona Property.* Even though the grant deed states that Ms. Ngo received 10 dollars as consideration for the transfer, Ms. Ngo received nothing in the transfer of the Arizona Property's legal title. *See Exhibit B, Declaration of Elizabeth Ngo.*

Debtor has never seen or set foot on the Arizona Property. *See Exhibit A, Declaration of Trung Nguyen.* Debtor has never paid or received money for receiving title to the Arizona Property. *Id.* Debtor has never received any rents or any sort of benefit from the Arizona Property. *Id.* Debtor has no control over the Arizona Property. *Id.*

## ANALYSIS:

Debtor does not dispute the Trustee's contention that under Section 521(a)(3), he must "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties" under the Bankruptcy Code. Debtor also does not dispute the Trustee's contention that Section 521(a)(4) of the Bankruptcy Code requires the debtor to "surrender to the trustee all property of the estate and any recorded information, including books, documents, records and papers relating to property of the estate, whether or not immunity is granted" under Section 344 of the Bankruptcy Code.

Debtor has cooperated with the Trustee and his Counsel to the fullest extent possible thus far in this case. The Trustee has requested that the Debtor make the Arizona Property available and provide unfettered access to the Trustee and his Agents. These requests are simply not within the powers of the Debtor who only holds legal title to the Arizona Property. The Debtor has informed the Trustee on multiple occasions that he retains only legal title to the Arizona Property, and does not have the power to effectuate the Trustee's requests. The requests to make

the Arizona Property available and to provide unfettered access to the Trustee is simply not within the Debtor's rights or control under his agreement with Ms. Ngo.

Section 541(d) of the Bankruptcy Code states in pertinent part that, "Property in which the debtor holds. . . only legal title and not an equitable interest . . . becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold."

It has been established by Bankruptcy courts that where Debtors establishes that the he holds legal title to property in a resulting trust, that property is not included in "property of the estate" because the Debtor was not intended to have any interest in the property. *See, In re Golden Triangle Capital, Inc., 9th Cir.BAP (Cal.) 1994, 171 B.R. 79; In re North American Coin & Currency, Ltd., 767 F.2d 1573, 1575 (9th Cir.1985)*; *In re SemCrude, L.P., Bkrtcy.D.Del.2009, 418 B.R. 98; In re Cowden, Bkrtcy.E.D.Ark.1993, 154 B.R. 531; In re Stewart, C.A.3 (Pa.) 2009, 325 Fed.Appx. 82.*

The determination of whether debtor holds property in trust, so that it did not become estate property, is governed by state law. *Bankr.Code, 11 U.S.C.A. § 541(d).* Here, because the property at issue is located in Arizona, the Court must look to Arizona law to determine whether there is a resulting trust in this case.

Arizona appellate courts have often approvingly cited the Restatement of the Law of Trusts. *See also Armstrong v. Blalack, 46 Ariz. 507, 509 (1935) (citing Restatement of Trusts §§ 404, 445); Valley Nat'l Bank v. Hay, 13 Ariz.App. 39, 42, (1970) (citing Restatement (Second) of Trusts §§ 404, 440, 445 (1959)).*

Under the Restatement of the Law of Trusts Third § 7, a resulting trust is defined as an

4

"equitable interest implied by law in property that is held by a transferee, in whole or in part, as trustee for the transferor or the transferor's successors in interest." Under the Restatement of the Law of Trusts Second § 404, a resulting trust "arises where a person makes or causes to be made a disposition of property under circumstances which raise an inference that he does not intend that the person taking or holding the property should have the beneficial interest therein, unless the inference is rebutted or the beneficial interest is otherwise effectively disposed of." *Shackelford v. Swantek, 62 Ariz. 86, 153 P.2d 534 (1944)*

Based on the circumstances, expressed intentions, and actions of the Debtor and Ms. Ngo as it relates to the Arizona Property, it is established that Ms. Ngo did not intend for Debtor to have any beneficial interest in the Arizona Property. Here, Ms. Ngo asked Debtor to hold legal title to the Arizona Property and that upon her death, Debtor was to transfer the property to her son. Ms. Ngo and Debtor agreed that Debtor would not have any equitable interests in the property and that Debtor was merely holding title to the Arizona Property. Debtor did not provide any consideration for the transfer of legal title to his name and has not received any benefits from the Arizona Property. Ms. Ngo has retained possession of the Arizona Property since she purchased it with her own funds in 2009. Ms. Ngo has paid all taxes and insurance costs associated with the Arizona Property. Debtor has never expressed any control, never claimed the Arizona Property on his tax returns, or even set foot on the Arizona property.

The circumstances, expressed intentions, and actions of the Debtor and Ms. Ngo show that Ms. Ngo did not intend for the Debtor to have any beneficial interest in the Arizona Property. Because Ms. Ngo transferred the Arizona Property to Debtor without intending the Debtor to have a beneficial interest in the Arizona Property, a resulting trust is established. As such, the Debtor only holds legal title to the Arizona Property in a resulting trust which is not

considered "property of the estate" under section 521(d) of the Bankruptcy Code.

## CONCLUSION

The Debtor holds only legal title in a resulting trust to the Arizona Property. The Debtor has paid no consideration for the transfer of title, has never received any benefit from the Arizona Property, has never paid nor made any tax claims on the Arizona Property. Most importantly, the Debtor has never expressed any ownership over the Arizona Property.

In contrast, Ms. Ngo has resided in the Arizona Property since she purchased it in 2009. Ms. Ngo has paid all property taxes and insurance policies on said property. Finally, Ms. Ngo expressly informed Debtor that he did not have any beneficial or equitable interest in the Arizona Property. Based on these facts, a resulting trust is established, and pursuant to section 541(d) of the Bankruptcy Code, the Debtor only retained legal title to the property on the date of filing. Thus, the Arizona Property is not property of the estate, and the Trustee cannot compel turnover.

Date: April 24th, 2013          Respectfully submitted,


　　　　　　　　　　　　　　　　　　___/s/Steve Huynh___
　　　　　　　　　　　　　　　　　　Steve Huynh
　　　　　　　　　　　　　　　　　　Phan Law Firm, Inc.
　　　　　　　　　　　　　　　　　　Attorneys for Debtor, Trung Nguyen